IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  12-cv-02413-REB-MJW

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,

Plaintiff,

v.

JACQUELINE D. RUYBAL,
ELISE S. RUYBAL,
BRIANNA ELENA RUYBAL, and
ELISE S. RUYBAL AS PERSONAL REPRESENTATIVE OF ESTATE OF RUDOLPHO RUYBAL,

Defendants.

**ORDER ON
MOTION TO AMEND ANSWER
(Docket No. 17)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 3) issued by Judge Robert E. Blackburn on September 12, 2012.

Now before the court is Defendants Elise S. Ruybal, Brianna Elena Ruybal and Elise S. Ruybal as Personal Representative of the Estate of Rudolpho Ruybal's (the "Moving Defendants") Motion to Amend Answer (Docket No. 17) .  The court has carefully considered the subject motion (Docket No. 17) and Defendant Jacqueline Ruybal's Response (Docket No. 20).  In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact,

2

conclusions of law, and order.

Pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Bylin v. Billings, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)).  Furthermore, Rule 15(d) provides

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.  The court may permit supplementation even though the original pleading is defective in stating a claim or defense.  The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).

Motions to supplement are addressed to the sound discretion of the court. Gillihan v. Shillinger, 872 F.2d 935, 941 (10th Cir. 1989).  "The court should apply the same standard for exercising its discretion under Rule 15(d) as it does for deciding a motion under Rule 15(a)." Southwest Nurseries, LLC v. Florists Mut. Ins., Inc., 266 F. Supp. 2d 1253, 1256 (D. Colo. 2003).  A motion to amend or supplement a complaint is futile if, notwithstanding the amendment, the complaint "would be subject to dismissal." Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc., 175 F.3d 848,

859 (10th Cir. 1999).

The subject motion was made after the deadline for amendment of pleadings, and thus this court has applied the following analysis in deciding whether to allow the amendments:

> Where, as here, a motion to amend the pleadings . . . is filed after the scheduling order deadline, a "two-step analysis" is required. Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has "good cause" for seeking modification of the scheduling deadline under Rule 16(b). If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a) . . . . Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001) (quotations

4

and citations omitted).  This court finds that the Moving Defendants have satisfied this first step in the analysis and have established good cause to extend the deadline within which they may seek leave to amend their Answer.

The second step is consideration of whether the Moving Defendants have satisfied the standard for amendment of pleadings required under Fed. R. Civ. P. 15(a):

> Rule 15(a) provides that leave to amend "shall be freely given when justice so requires."  Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

Id. at 669 (citation omitted).  Based upon this standard, and substantially for the reasons stated in the subject motion (Docket No. 17), this court finds that the proposed amendments should be permitted.  The court notes that the trial date is set on July 29, 2013.  In the event the parties believe that additional discovery is warranted in light of these amendments, they may move to reopen discovery for a reasonable period and to alter any other deadlines.  Thus, any prejudice that might arise from these amendments is capable of being cured.

Moreover, the court finds that the Rule 16 Scheduling Order (Docket No. 11) was entered in the case by Magistrate Judge Watanabe on November 14, 2012.  At that time, the parties stipulated to the those facts outlined in paragraph 4 captioned UNDISPUTED FACTS in the Rule 16 Scheduling Order (Docket No. 11).  Sub-paragraph 4, below the UNDISPUTED FACTS Section of the Rule 16 Scheduling Order, states: "During the time in which the Standard Policy was in force, Mr. Ruybal

5

completed an enrollment form and named Jacqueline Ruybal as the primary beneficiary."

Sub-paragraph 4 does not admit that the enrollment policy was valid, only that such form was completed. The subject motion (Docket No. 17) was filed only after the Moving Defendants acquired the Domestic Relations Order (Docket No. 17-3) which incorporated by reference the Separation Agreement (Docket No. 17-2). After reading both the Domestic Relations Order (Docket No. 17-3) and the Separation Agreement (Docket No. 17-2), the Moving Defendants now have a "good faith" belief that the named beneficiary of Jacqueline Ruybal of the subject Lincoln Policy (Docket No. 17-1) is invalid. See Great Am. Reserve Ins. V. Maxwell, 555 P.2d 988 (Colo. App. 1976); Rudolph V. PSCO, 847 F. Supp. 152 (D. Colo. 1994). Accordingly, the subject motion (docket no. 17) is granted. The Moving Defendants shall file their Amended Answer within ten days from the date of this Order.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Defendants Elise S. Ruybal, Brianna Elena Ruybal and Elise S. Ruybal as Personal Representative of the Estate of Rudolpho Ruybal's Motion to Amend Answer (Docket No. 17) is **GRANTED**.

Date: January 14, 2013            s/ Michael J. Watanabe
      Denver, Colorado            Michael J. Watanabe
                                  United States Magistrate Judge