**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 1:12-cv-02413-REB-MJW

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,

    Plaintiff,

v.

JACQUELINE D. RUYBAL,
ELISE S. RUYBAL,
BRIANNA ELENA RUYBAL, and
ELISE S. RUYBAL
AS PERSONAL REPRESENTATIVE OF THE ESTATE OF RUDOLPHO RUYBAL,

    Defendants.

---

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

**Blackburn, J.**

The matter before me is the **Motion for Summary Judgment** [#29],[1] filed April 12, 2013, by movants Elise S. Ruybal, Brianna Elena Ruybal, and Elise S. Ruybal as Personal Representative of the Estate of Rudolpho Ruybal. I deny the motion.[2]

### I. JURISDICTION

I have jurisdiction over the claims asserted in this case under 28 U.S.C. § 1332 (diversity of citizenship). Venue is proper pursuant to 28 U.S.C. §1391(a).

---

[1] "[#29]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] The issues raised by and inherent to the motion for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the briefs. *Cf.* **FED. R. CIV. P. 56(c)** and **(d)**. *Geear v. Boulder Community Hospital*, 844 F.2d 764, 766 (10th Cir. 1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

## II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. **FED. R. CIV. P.** 56(c); ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. ***Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); ***Farthing v. City of Shawnee***, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed. 202 (1986); ***Farthing***, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue. ***Concrete Works, Inc. v. City & County of Denver***, 36 F.3d 1513, 1517 (10th Cir. 1994), ***cert. denied***, 115 S.Ct. 1315 (1995). By contrast, a movant who bears the burden of proof must submit evidence to establish every essential element of its claim or affirmative defense. ***See In re Ribozyme Pharmaceuticals, Inc. Securities Litigation***, 209 F.Supp.2d 1106, 1111 (D. Colo. 2002). In either case, once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. ***Concrete Works***, 36 F.3d at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. ***Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services***, 165 F.3d 1321, 1326 (10th Cir.), ***cert. denied***, 120 S.Ct. 53 (1999). However, conclusory statements and testimony based merely on conjecture or subjective belief are not

competent summary judgment evidence. ***Rice v. United States***, 166 F.3d 1088, 1092 (10th Cir.), ***cert. denied***, 120 S.Ct. 334 (1999).

### III.  ANALYSIS

The facts of this case are well-known to the parties and need not be repeated at length here.  In 2002, decedent Rudolpho Ruybal and his common-law wife, Valerie Gomez, entered into a Separation Agreement dissolving their decade-long common law marital relationship.  Pursuant to the terms of the Separation Agreement, the parties agreed to "keep their current [life insurance] policies in effect and naming the[ir] children [Elise and Brianna Ruybal] as beneficiaries."  (**Motion App.**, Exh. B ¶ 12.3 at 10.)  The agreement was incorporated first into Mr. Ruybal's and Ms. Gomez's Decree of Legal Separation (*id.*, Exh. C), and ultimately into the Decree of Dissolution of Marriage issued by the District Court, Adams County, Colorado, on November 21, 2004 (*id.*, Exh. D).

At all times relevant to this lawsuit, Mr. Ruybal was employed by the City of Brighton, Colorado.  At the time of Mr. Ruybal's death on March 28, 2012, the City provided $100,000 worth of life insurance to all its employees through The Lincoln National Life Insurance Company ("Lincoln National").  Lincoln National filed this action in interpleader to resolve the competing claims to these life insurance proceeds of plaintiff's children, on the one hand, and  Mr. Ruybal's sister, Jacqueline Ruybal, on the other.

At the time the Decree of Dissolution of Marriage was entered in 2004, Mr. Ruybal clearly had enrolled in the City's then-current policy, administered by Aetna Life

3

Insurance Company ("Aetna").  (**See Reply App.**, Exh. O.)[3]  The Decree incorporates by reference the Separation Agreement, which specifically contemplates that "[t]he provisions of the within Agreement are to be incorporated in and physically become part of any Decree of Legal Separation which may be entered in these proceedings." (**Motion App.**, Exh. B § 1.1 at 1.)  Thus, at the time the marriage was dissolved in 2004, Mr. Ruybal was participating in the City of Brighton's life insurance program and was bound, pursuant to the terms of the 2002 Separation Agreement, incorporated into the court's 2004 Decree of Dissolution, to designate his children as the beneficiaries of that policy.  This he did not do.  (**See Reply App.**, Exh. O.)

Nevertheless, and although the City continued to provide life insurance to its employees through the date of Mr. Ruybal's death, it is not clear from the evidence before me is whether the subsequent life insurance policies – provided by Standard in 2007 to 2008 and by Lincoln National from 2009 through 2012 – are, in fact, mere successors to the 2003 Aetna policy or, alternatively, whether each constitutes a new policy, which would not fall within the purview of the Decree of Dissolution.  The Decree of Dissolution did not require Mr. Ruybal to provide life insurance for his children in any and all events, but only to maintain his then "current [life insurance] policies in effect" for their benefit. (**Motion App.**, Exh. B ¶ 12.3 at 10.)  If any such policy was discontinued by his employer, it is not clear that any successor or replacement policy necessarily

---

[3] It is not entirely clear whether Mr. Ruybal was participating in the City's life insurance policy at the time the Separation Agreement was executed.  The children's evidence shows only that the City's life insurance policy at that time was provided by Jefferson Pilot Life Insurance Company, which was replaced by policies provided by Aetna Life Insurance Company ("Aetna") in 2004, Standard Life Insurance Company ("Standard") in 2007, and Lincoln National in 2009.  (**See Motion App.**, Exh. J.)  The evidence further reveals that coverage was provided for all City employees under the Standard and Lincoln National policies.  (**Id.**, Exh. I at 1.)  However, it is not clear whether the policies prior to 2007 were optional *vel non*.  Contrary to the implicit assumption of the children's argument, it does not necessarily follow that all these policies were identical in all material respects, specifically, insofar as participation therein was automatic and provided to all employees as a perquisite of employment.

would be a mere continuation of the "current" policy in existence at the time of the Decree of Dissolution that Mr. Ruybal agreed to maintain for the benefit of the children. Indeed, the very fact that Mr. Ruybal apparently was required to execute a new enrollment form in 2007 when Standard became the policy provider tends to undercut any such suggestion.

In any event, lacking further evidence of the exact terms of the various policies and a more particularized knowledge of how life insurance was made available to City employees at relevant points in time, I find that there exist genuine issues of material fact that are inappropriate for summary resolution. Thus, the motion should be denied.

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** that the **Motion for Summary Judgment** [#29], filed April 12, 2013, by Elise S. Ruybal, Brianna Elena Ruybal, and Elise S. Ruybal as Personal Representative for the Estate of Rudolpho Ruybal, is **DENIED**.

Dated July 10, 2013, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge