**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  12-cv-02413-REB-MJW

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,

     Plaintiff,

v.

JACQUELINE D. RUYBAL,
ELISE S. RUYBAL,
BRIANNA ELENA RUYBAL and
ELISE S. RUYBAL as personal representative of Estate of Rudolpho Ruybal,

     Defendants.

---

## ORDER FOR BRIEFING RE: JURISDICTION

---

**Blackburn, J.**

This matter is before the court *sua sponte*.  This is an action for interpleader

brought by the plaintiff, The Lincoln National Life Insurance Company.  In the complaint,

Lincoln National asserts that this court has diversity jurisdiction over this case under 28

U.S.C. § 1332.  *Complaint* [#1], ¶ 15.  Lincoln National alleges that it is a citizen of

Indiana, the defendants all are citizens of Colorado, and more than 75,000 dollars is in

controversy.

In her answer [#7], defendant Jacqueline Ruybal admits that all of the defendants

are residents of Colorado.  In their amended answer [#23], defendants Elise S. Ruybal

and Brianna Elena Ruybal admit that they are residents of Colorado.  In the same

answer [#23], defendant Elise S. Ruybal as personal representative of the Estate of

Rudolpho Ruybal denies that the estate of Rudolpho Ruybal is resident of Colorado, but

makes no affirmative statement concerning the residence of the estate of Rudolpho

Ruybal.  The evidence in this case shows that Rudolpho Ruybal had been a long-

standing resident of Colorado at the time of his death.

Reviewing the interpleader statute, 28 U.S.C. § 1335, the court notes that the

grant of jurisdiction in the interpleader statute is different than that in § 1332.  In relevant

part, § 1335(a) provides:

> The district courts shall have original jurisdiction of any civil action of
> interpleader . . . filed by any person, firm, or corporation . . . having issued
> a note, bond, certificate, policy of insurance, or other instrument of value
> or amount of $500 or more . . .if
> (1) Two or more adverse claimants, of diverse citizenship as defined in
> subsection (a) or (d) of section 1332 of this title, are claiming or may claim
> to be entitled to . . . one or more of the benefits arising by virtue of any . . .
> policy or other instrument, or arising by virtue of any such obligation; and if
> (2) the plaintiff has deposited such money or property or has paid the
> amount of or the loan or other value of such instrument or the amount due
> under such obligation into the registry of the court . . . .

If the adverse claimants, all named as defendants, are not of diverse citizenship

as defined in subsection (a) or (d) of section 1332, then it appears that this court does

not have jurisdiction over this case under § 1335(a).  Absent subject matter jurisdiction

over this case, this court may not enter a valid judgment.  To ensure a fair and correct

determination of the issue of jurisdiction, the court requires the parties to submit briefs

on the issue of the court's jurisdiction in this case.

**THEREFORE, IT IS ORDERED** as follows:

1.  That by December 3, 2013, each of the parties, through their respective

counsel, **SHALL FILE** with the court a brief stating and substantiating their position on

the question of whether this court has subject matter jurisdiction over this case; and

2.  That absent further order, responses and replies to these briefs are not permitted.

Dated November 19, 2013, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge