**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-02413-REB-MJW

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,

    Plaintiff,

v.

JACQUELINE D. RUYBAL,
ELISE S. RUYBAL,
BRIANNA ELENA RUYBAL and
ELISE S. RUYBAL as personal representative of Estate of Rudolpho Ruybal,

    Defendants.

## ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION

**Blackburn, J.**

The matter before me is **Ruybal Defendants' Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59** [#58],[1] filed July 21, 2014. I deny the motion.[2]

The bases for granting relief under Rule 59(e) are exceptionally limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

---

[1] "[#58]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] Because defendants' motion is so clearly lacking in merit, I exercise my discretion pursuant to D.C.COLO.LCivR 7.1(d) to rule on the motion without awaiting the benefit of a response.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). Defendants motion fails to establish that any of these bases. Moreover, defendants' argument conflates the *factual* question whether subsequent or successor policies were mere continuations of the "current policy" that is the subject of the Decree of Dissolution – which undergirded the court's order denying summary judgment – with the *legal* determination that the term "current policies" in that Decree is unambiguous. The court's order denying summary judgment did not, as defendants suggest, determine that the term "current policies" was ambiguous, but rather found genuine disputes of material fact as to whether the policies that replaced the policy in effect at the time Mr. Ruybal signed the Decree were mere extensions of that seminal policy or new and distinct policies.

Accordingly, defendants have shown no basis warranting relief under Rule 59.

**THEREFORE, IT IS ORDERED** that **Ruybal Defendants' Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59** [#58], filed July 21, 2014, is **DENIED**.

Dated July 23, 2014, at Denver, Colorado.

                                              **BY THE COURT:**

Robert E. Blackburn
United States District Judge